Magistrate Judge Mary Alice Theiler

FILED ___ ENTERED
LODGED ___ RECEIVED

JUL 23 2015

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,                )   CASE NO. MJ15-333
                                         )
                        Plaintiff,       )   COMPLAINT for VIOLATION
                                         )
            v.                           )   Title 18, U.S.C.,
                                         )   Section 2251(a), 2252(a)(2) and (b)(1),
BRIAN LEE ASNICAR,                       )   and 2252(a)(4)(B) and (b)(2)
                                         )
                        Defendant.       )
                                         )

BEFORE, The Honorable Mary Alice Theiler, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

## COUNT 1
### (Production of Child Pornography)

On or about June 21, 2015, at Bothell, within the Western District of Washington, and elsewhere, BRIAN LEE ASNICAR did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was transported using any means and facility of interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a) and (e).

## COUNT 2
### (Distribution of Child Pornography)

On or about June 21, 2015, at Everett, within the Western District of Washington, and elsewhere, BRIAN LEE ASNICAR did knowingly distribute, and attempt to distribute, visual depictions the production of which involved the use of a minor engaged in sexually explicit conduct, and the visual depictions were of such conduct, using any means and facility of interstate and foreign commerce and which images had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

## COUNT 3
### (Possession of Child Pornography)

On or about July 2, 2015, at Everett, within the Western District of Washington, BRIAN LEE ASNICAR did knowingly possess matter that contained visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the images of child pornography involved include images of a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2)..

And the complainant states that this Complaint is based on the following information:

I, Cao Triet (Dan) Huynh, having been duly sworn, state as follows:

### INTRODUCTION

1.	I am a Special Agent (SA) with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to the Special Agent in Charge (SAC), Seattle, Washington. I have been an

1 | agent with HSI since April 2010. HSI is responsible for enforcing the customs and
2 | immigration laws and federal criminal statutes of the United States. As part of my
3 | duties, I investigate criminal violations relating to child exploitation and child
4 | pornography, including the production, distribution, receipt, and possession of child
5 | pornography and material involving the sexual exploitation of minors in violation of 18
6 | U.S.C. §§ 2251, 2252, and 2252A. I am a graduate of the Federal Law Enforcement
7 | Training Center (FLETC), ICE Special Agent Training Program, and have received
8 | further specialized training in investigating child pornography and child exploitation
9 | crimes. I have also had the opportunity to observe and review examples of child
10 | pornography (as defined in 18 U.S.C. § 2256(8)). I have participated in the execution of
11 | previous search warrants that involved child exploitation and/or child pornography
12 | offenses and the search and seizure of computers and other digital devices.

13 |     2. I am a member of the Seattle Internet Crimes Against Children Task Force
14 | and work with other federal, state, and local law enforcement personnel in the
15 | investigation and prosecution of crimes involving the sexual exploitation of children.
16 | Before joining HSI, I worked for the City of Port Townsend, Washington, Police
17 | Department as a police officer and detective for approximately nine years.

18 |     3. As further detailed below, based on my investigation and the investigation
19 | of other law enforcement officers, I believe there is probable cause to conclude that
20 | BRIAN LEE ASNICAR has committed the offenses charged in this complaint—namely,
21 | Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e), Receipt or
22 | Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and Possession
23 | of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

24 |     4. The information contained in this affidavit consists of my personal
25 | knowledge gained through this investigation, information provided by other law
26 | enforcement agents involved in this investigation, information provided by witnesses and
27 | others with knowledge of the relevant events and circumstances, information gleaned
28 | from my review of evidence, and my training and experience. Because this affidavit is
offered for the limited purpose of establishing probable cause, I list only those facts that I

1  believe are necessary to support such a finding. I do not purport to list every fact known
2  to me or others as a result of this investigation.

### INITIAL INVESTIGATION BY ARIZONA INTERNET CRIMES AGAINST CHILDREN TASK FORCE

5.  On or about June 23, 2015, Detective (Det.) Randall Snyder from the Pinal County Sheriff's Department and a task force member for the Internet Crimes Against Children Task Force (ICAC) in the State of Arizona was conducting undercover operations in message rooms on the "KIK Messenger" program (KIK). KIK is an instant messaging application for mobile devices. This application is available on most iOS, Android, and Windows Phone operating systems free of charge. KIK uses a smartphone data plan or Wi-Fi to transmit and receive messages. KIK also allows users to share photos, sketches, mobile webpages, and other content. KIK requires users to register a username. KIK allows users to create "rooms" where users can communicate and trade images and videos, along with engaging users from the room in private message sessions that are outside of the public chat rooms. This program is not only mobile phone based, but can be loaded on a computer or laptop. Det. Snyder was initially in a room titled "Lil girls only", where multiple individuals were engaged in the trade of child pornography. Det. Snyder stated that he observed on KIK a subject with the KIK screen name of "Hung bags" post a video file on or about June 21, 2015, at approximately 00:11 hours Eastern Standard Time (EST), that appeared to depict a small child lying next to an adult male penis. "Hung bags" belongs to the KIK username, "crash1021". On or about June 21, 2015, at approximately 23:34 hours EST, that same user posted an image that depicted a young blond female wearing a pink shirt and panties. The girl has her hands above her head and is lying on a red Mickey Mouse item. The girl has her vagina displayed as the focal point of the image. "Hung bags" commented that the image was his niece and that he "licked her nice and good". On or about June 21, 2015, at approximately 23:59 hours EST, the same user posted a second image that depicted a close-up of a young girl's vagina with an adult hand spreading the labia open.

6. Det. Snyder also observed that on or about June 23, 2015, at approximately 08:34 hours EST, "Hung bags" posted two videos to the chat room which contained child pornography of children who appeared under the age of 15. Det. Snyder contacted "Hung bags" and conducted a conversation. During the conversation, Det. Snyder learned that the niece "Hung bags" referred to was three years old.

7. Det. Synder obtained a subpoena from the Maricopa County, Arizona Attorney's Office and served it to KIK for information to include subscriber information and Internet Protocol (IP) address history on the user account, "crash1021" and screen name "Hung bags". KIK responded to the subpoena indicating that "crash1021" used a Samsung SM-G850A mobile phone for KIK. A Google search of this phone model returned to an AT&T serviced Samsung Galaxy Alpha. KIK also supplied a list of IP addresses used by "crash 1021" for the past 30 days. The IP addresses for on or about June 23, 2015, during the times when Det. Snyder engaged in the chats with "crash1021" were reviewed. Two of the IP addresses, resolved back to Frontier Communications, out of Everett, Washington, and the other returned to AT&T. Some of the IP addresses from on or about June 21, 2015, were located out of Bothell, Washington. The main IP address used on KIK during this investigation was from Frontier Communications with the IP address of 50.106.34.218.

8. Det. Synder obtained a subpoena from Maricopa County, Arizona Attorney's Office and served it to Frontier for the subscriber information on the IP address, 50.106.34.218. Frontier responded and provided the following subscriber information:

> R.E.
> xxx xxx Road
> Everett, WA 98204
> ISP activation date: 11/11/2013
> Billing telephone 425 423-xxxx
> Email address: xxxxx@frontier.com

9. Det. Snyder's reviewed social media pages for R.E. and determined that R.E. has a daughter. Det. Synder did additional searches and found that R.E. had a fiancé

identified as Brian ASNICAR, who lives with R.E.. R.E. also has a mother identified as K.S. Det. Snyder's search of K.S.' social media pages located an L.R., who appeared to be R.E.'s sister. L.R. appeared to have three children, including two daughters, one of whom appears to be the approximate age and similar visual characteristics as the child in the two child pornography images described on the last part of paragraph 5 above. Det. Snyder's search of other databases located a recent address for L.R. in Bothell, WA.

### EVERETT, WA POLICE DEPARTMENT INVESTIGATION

10. On or about June 25, 2015, Det. Synder contacted Everett Police Department (EPD) Det. Karen Kowalchyk regarding this investigation.

11. Det. Kowalchyk learned that on or about June 26, 2015, Det. Snyder's partner, at the Phoenix, AZ Police Department Det. McGhee (also assigned to the Arizona ICAC), engaged in a private chat with the "Hung bags" using an undercover persona. In that conversation, "hung bags" again indicated the two child pornography images posted (as listed on the bottom of paragraph 5) were of his three year old niece. "Hung bags" admitted to being into "family love" and "anything young".

12. Det. Snyder sent Det. Kowalchyk the information he had collected for this investigation which included the response from Frontier Communications and the child pornography images. The first child pornography images that were sent of the possible niece were thumbnail images and were difficult to get a clear identification. On or about June 29, 2015, Det. Snyder advised Det. Kowalchyk that Det. McGhee was able to obtain the child pornography images in a better resolution after a secondary chat with "Hung bags". These images were provided to Det. Kowalchyk.

13. Det. Kowalchyk reviewed these two child pornography images (as described above) that "Hung bags" posted stating that it was his niece, and determined them to be child pornography.

14. Det. Kowalchyk looked at the social media pages of R.E. and her sister, L.S., who resides in Bothell, Washington with her family. It appears that L.S. has two young daughters with one of the daughters looking very similar to the child pornography images referencing the three year old niece. Det. Kowalchyk checked law enforcement

database indices and discovered that Brian ASNICAR had been investigated for sex crimes on three previous occasions. ASNICAR was investigated for rape of a child in 2002, child molestation in 1999, and possession of child pornography in 2008. According to the databases, all of the cases were either declined for prosecution or closed due to insufficient information. Det. Kowalchyk was unable to view the actual reports because the records have been purged. Det. Kowalchyk's check of law enforcement database indices also showed that ASNICAR and R.E. reside at the same address of in Everett, WA.

15. On or about July 1, 2015, EPD Det. Brad Williams communicated with ASNICAR, under the ruse of a previous burglary investigation, and learned that ASNICAR still resides at xxxx Road, Everett, WA with R.E. and family.

16. On or about July 2, 2015, Det. Kowalchyk and the EPD executed a Snohomish County, WA Superior Court Search Warrant on ASNICAR and R.E.'s residence in, Everett, WA, for Washington State child pornography violations. At the time of the search warrant execution, ASNICAR and R.E. were home. Digital media items were seized from the residence to include: a Samsung S4 cell phone, two HTC One cell phones, a Samsung LG cell phone, multiple thumbdrives, multiple DVDs, multiple SD Cards, a Dell computer tower, a eMachine computer tower, a Xbox 360 and game controllers, a Canon digital camera, a Kodak digital camera, a Frontier router, and a Samsung tablet.

17. Det. Kowalchyk interviewed ASNICAR, near the residence, in the EPD command vehicle. ASNICAR was read his Miranda Warnings and advised he was not under arrest. ASNICAR agreed to speak with Det. Kowalchyk. ASNICAR admitted to taking sexually explicit photos of his niece (hereinafter "MV-1") (date of birth xx/xx/2011) at her residence in Bothell, WA. ASNICAR stated that while he took the photos of MV-1, he touched her genitalia area with his hand. ASNICAR said he took two photos and then uploaded them to KIK to share with others. ASNICAR further admitted to viewing child pornography and uploading other child pornography. ASNICAR denied any sexual contact with R.E.'s two minor children. ASNICAR said

he took the photos and uploaded the images of MV-1 with his Samsung phone. ASINCAR said that on June 27, 2015, he sold his phone to CEX, a store at the Everett Mall for $40. He said the purpose of selling the phone was because he needed money and the father of MV-1 was providing him with a new phone. ASNICAR told Det. Kowalchyk that he wiped everything from that phone and CEX also did a factory reset. ASNICAR said he has been using his new phone, an HTC cell phone, since June 27, 2015 and has viewed child pornography on this phone. ASNICAR told Det. Kowalchyk that he has not looked at child pornography on the other computers in his home. ASNICAR stated that he hasn't saved any of the images, to include the photo of MV-1 on any devices at his residence.

    18.    EPD Det. Defolo and Det. Kowalchyk went to MV-1's residence located in Bothell, WA and spoke with her parents. MV-1's parent's were shown a sanitized version of the child pornography image posted on KIK on or about June 21, 2015, at approximately 23:34 hours EST, as referenced above. MV-1's parents identified the girl in the image as their daughter, MV-1. MV-1's parents also identified the Mickey Mouse pillow case and toy that were visible in the image. They stated that ASNICAR had been at their residence on two occasions in the last two weeks with one of the times being on June 21, 2015. MV-1's parents stated that on that occasion there was a time ASNICAR was alone with MV-1 upstairs.

    19.    EPD Det. Ryynanen went to the CEX located at the Everett Mall and was able to locate the cell phone that ASNICAR sold. The cell phone, a Samsung model SM-G850A was seized for evidence.

    20.    EPD later obtained additional Snohomish County Superior Court search warrants to search all the digital media seized from ASNICAR's residence and the cell phone seized from the CEX store. After the issuance of these search warrants, EPD began conducting computer forensics on the digital media evidence.

## HSI INVESTIGATION

    21.    On or about July 15, 2015, I obtained preliminary information relating to this case from Det. Kowalchyk. Det. Kowalchyk told me that the child pornography

image of MVF-1 as referenced above had been located on ASNICAR's new cell phone. On or about July 17, 2015, I obtained copies of the paperwork and evidence to date on the investigation. I reviewed the child pornography images and videos and confirmed that they were child pornography. Below are my descriptions of the child pornography images of MV-1 as referenced above:

> The first color image depicts what appears to be a white prepubescent female (hereinafter referred to as child victim) positioned on her back with arms raised behind her head. The child victim has a red top on that is pulled up towards her chest and a pink bottom this is pulled down to her knees exposing her abdomen and vaginal area. The child victim is facing away from the camera and is lying on what appears to be a pillow on a carpeted floor. This pillow has a cover that is red, white, black, and yellow that depicts the cartoon character, Mickey Mouse. The child victim appears to have blond hair.

> The second color image depicts what appears to be a close up image of the vaginal area of the same white prepubescent child victim. The child victim's lower abdomen to her knees is shown in the image. An adult hand is visible over the child victim's vaginal area. An adult's thumb and forefinger are spreading the child victim's labia open. The child victim's pink bottom (matching the pink bottom on the first image above) is visible and pulled down to her knees. The same Mickey Mouse pillow cover and the same carpeting as in the first image are seen on the image.

22. The Samsung cell phone and HTC cellphone were not manufactured in the state of Washington.

## CONCLUSION

23. Based on the above facts, I believe that there is probable cause to conclude

| | |
|---|---|
| 1 | that BRIAN LEE ASNICAR committed the offenses charged in this Complaint. |

/s/ <br>
CAO TRIET (DAN) HUYNH, <br>
Complainant, Special Agent <br>
Department of Homeland Security <br>
Homeland Security Investigations

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

DATED this 23 day of July 2015.

/s/ <br>
MARY ALICE THEILER <br>
United States Magistrate Judge